KAREN P. HEWITT
United States Attorney
CAROL M. LEE
Assistant U.S. Attorney
California State Bar No. 219246
Office of the U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-6235
Facsimile: (619) 557-5004
Email: carol.lee@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: Letter Rogatory from the Third Family Civil Court For the Judicial District of Tijuana, Baja California, Mexico, Case No. 1515-2004 | MISC. No.<br>'07 MC 0600 |

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

This memorandum is submitted in support of the application of the United States for an order requiring persons within the jurisdiction of this Court to provide testimony and evidence requested by the Third Civil Family Court, Tijuana, Baja California, Mexico, for use in a divorce proceeding in Tijuana, Mexico, and appointing a commissioner to collect it. The application is based upon the letter rogatory attached hereto as Exhibit A.

As set forth in the letter rogatory, the Third Civil Family Judge, the requesting authority, is presiding over a divorce case in Tijuana, Baja California, Mexico, between private litigants Leticia Barrios-Hernandez and Daniel Ayala-Acosta, in which the information requested in Exhibit A is pertinent and relevant to the case at hand.

This Court, pursuant to its statutory and inherent authority, may (1) order that persons within this district shall provide the evidence requested for use in a proceeding in a foreign country, (2) appoint a person to gather such evidence, and (3) establish the procedure pursuant to which the evidence requested shall be produced.

1. <u>Authority to grant a foreign request for assistance</u>

Title 28 U.S.C. § 1782, provides in pertinent part that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign . . . tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign . . . tribunal or upon the application of any interested persons . . .

Section 1782 was enacted:

> to improve United judicial procedure for . . . obtaining evidence in the United States in connection with proceedings before foreign and international tribunals . . .

Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), <u>reprinted in</u> 1964 U.S. Code Cong. & Admin. News 3782 [hereinafter 1964 U.S.C.C.A.N.] By enacting § 1782, Congress reaffirmed the inherent authority of district courts to grant foreign judicial assistance. <u>In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago</u>, 648 F. Supp. 464 (S.D. Fla. 1986), <u>aff'd</u>, 848 F.2d 1151, 1154 (11th Cir. 1988) [hereinafter <u>Trinidad and Tobago</u>]. More significantly, its enactment reflected Congress' desire to increase the power of district courts to respond to foreign requests for judicial assistance. <u>In re Letters Rogatory from the Tokyo District, Tokyo, Japan</u>, 539 F.2d 1216, 1218 (9th Cir. 1976) [hereinafter <u>Japan I</u>]. In sum, § 1782 is a Congressional invitation to district courts to affirmatively act to execute foreign requests for judicial assistance.

    a. <u>Source of the foreign request for assistance</u>

Foreign requests for judicial assistance may be made by a foreign court or tribunal, including an investigating magistrate or juge d'instruction. <u>In re Letter of Request from the Government of France</u>, 139 F.R.D. 588, 590-591 (S.D.N.Y. 1991) [hereinafter <u>France</u>]; <u>In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti</u>, 669 F. Supp. 403, 405-406 (S.D. Fla. 1987) [hereinafter <u>Haiti</u>]. Foreign requests may also be made by "any interested persons", such as a foreign legal affairs minister or public prosecutor. <u>In re Letters Rogatory from the Tokyo District Prosecutor's Office, Tokyo, Japan</u>, 16 F.3d 1016, 1019 (9th Cir. 1994) [hereinafter <u>Japan II</u>]; <u>In re Letter of Request from the Crown Prosecution Service of the United Kingdom</u>, 870 F.2d 686, 690 (D.C. Cir. 1989) [hereinafter <u>United Kingdom</u>]; <u>Trinidad and Tobago</u>, 648 F. Supp. at 466-67.

///

b. <u>Purpose for the foreign request for assistance</u>

Foreign requests for judicial assistance must be for the purpose of securing evidence "for use in a foreign . . . tribunal. This includes evidence needed in proceedings before investigating magistrates as well as in proceedings before conventional courts. <u>1964 U.S.C.C.A.N.</u> at 3788; <u>Haiti</u>, 669 F. Supp. at 405-406. Section 1782 contemplates that district courts will facilitate evidence gathering prior to litigation; Congress amended § 1782 to eliminate the need for a "pending" proceeding with the intention of expanding the availability for U.S. judicial procedures for obtaining evidence in the United States in connection with proceedings before foreign tribunals. Even so, where no proceeding before a foreign tribunal is currently pending, district courts should consider whether a proceedings can reasonably be expected to commence. As Judge (now Justice) Ginsburg explained:

> [T]o guard against abuse of section 1782, the district court must insist on reliable indications of the likelihood that proceedings will be instituted within a reasonable time.

<u>United Kingdom</u>, 870 F.2d at 692.[1]

2. <u>Authority to appoint a commissioner</u>

Section 1782 further provides in pertinent part that:

> The district court . . . may direct that the testimony or statement [of a person who resides or is found within the district] be given or the document or other thing be produced, before a person appointed by the court.

A district court customarily appoints or "commissions" a person or "commissioner" to collect evidence on behalf of the district court and authorizes the commissioner to submit the evidence collected

---

[1] The several circuit courts that have focused on the proximity to a proceeding before a foreign tribunal that should exist before a district court provides assistance under § 1782 have produced no single standard. <u>In re Request for International Judicial Assistance (Letter Rogatory) for the Federative Republic of Brazil</u>, 936 F.2d 702, 707 (2d Cir. 1991) [hereinafter <u>Brazil</u>] (proceeding must be "imminent"); <u>United Kingdom</u>, 870 F.2d 690 (proceeding must be "reasonably contemplated"); <u>Trinidad and Tobago</u>, 848 F.2d at 1154-56 (proceeding must be "very likely to occur"). See also <u>Japan I</u>, 539 F.2d at 1218 (assistance requested "for use in completion of the investigation and in future trials").

The Department of Justice disagrees with the Second Circuit position that the proceeding in the foreign jurisdiction must be "imminent" before a district court may grant judicial assistance. Nonetheless, such is the law in that circuit and Assistants filing for commissioner appointments within that circuit must so apprise district courts. Whether, in support of commissioner appointments, the Second Circuit's standard should be brought to the attention of district courts in other circuits (and, if so, whether it should be otherwise distinguished) is left to the discretion of the Assistants and the rules governing their circuits and districts.

to the requesting foreign court or authority. With requests for assistance in civil matters, a district court typically appoints an Assistant United States Attorney as a commissioner. However, a district court also may commission a foreign authority together with (or in lieu of) an Assistant United States Attorney. See, e.g., In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 29 (S.D.N.Y. 1991) [hereinafter Hong Kong].

Application to a district court for appointment of a commissioner to execute a foreign request for judicial assistance is handled ex parte. United Kingdom, 870 F.2d at 688; Japan I, 539 F.2d at 1219.

### 3. Authority to establish the evidence-collecting procedure

Section 1782 further provides in pertinent part that:

> To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A district court empowers a commissioner to collect the evidence using the procedure prescribed by the court. A district court has "complete discretion in prescribing the procedure to be followed." 1964 U.S.C.C.A.N. at 3789. When a district court's order fails to specify a procedure by which a commissioner is to collect the evidence, the Federal Rules of Civil Procedure apply. France, 139 F.R.D. at 590-591.

#### a. Commissioner's subpoena

If a district court so orders, a commissioner may use the attached form, entitled commissioner's subpoena, to obtain the requested evidence. See, e.g., United States v. In re Erato, 2 F.3d 11, 12-13 (2d Cir. 1993) (incorporating in pertinent part the district court's order directing the use of commissioner's subpoenas). The commissioner's subpoena is a creation of neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure, but is an order of the district court for the production of evidence in accordance with § 1782. See 28 U.S.C. § 1651. Upon authorization by a district court, a commissioner may issue such commissioner's subpoenas as are necessary to execute the request in the relevant district.

#### b. Notice of evidence taking

If a district court so orders, a commissioner may collect the evidence in accordance with procedures -- including those involving notice -- requested by the requesting court or authority. In the

absence of a request for a specific procedure, a district court can assume that the requesting court or authority has provided such notice as the foreign law requires, or that the foreign law does not require notice and the requesting court or authority does not consider notice to be necessary or useful. In sum, if the requesting state has not requested notice, no notice need be provided. Accordingly, to the extent that a request does not ask for specific notice procedures, a district court should authorize a commissioner to take the evidence without notice to any party other than the recipient of the commissioner's subpoena.

Based upon the facts set forth in the letter rogatory from the Third Family Civil Court, Tijuana, Baja California, Mexico, the request is clearly one contemplated by Congress when, in enacting § 1782, it expanded the authority of federal courts to assist foreign tribunals.

Congress intended that the United States set an example to other nations by making judicial assistance generously available. Trinidad and Tobago, 848 F.2d at 1153-54. Accordingly, the government asks this Court, in the interests of comity, to issue the attached order under § 1782 granting assistance for a proceeding in Mexico, appointing Assistant United States Attorney Carol M. Lee as commissioner, and authorizing her to take the actions necessary, including the issuance of commissioner's subpoenas, to collect the evidence requested and to adopt such procedures in the receipt of the evidence as are consistent with the intended use thereof in Mexico.

DATED: 12/10/07

KAREN P. HEWITT
United States Attorney

CAROL M. LEE
Assistant U.S. Attorney
Carol.Lee@usdoj.gov

# THIRD FAMILY COURT JUDGE FOR THE JUDICIAL DISTRICT OF TIJUANA, BAJA CALIFORNIA.



SUPERIOR COURT OF THE JUSTICE
OF THE STATE OF B.C

## SUMMONS NUMBER  228/4a ./2006

File No.      **1515/2004.**
              NECESSARY DIVORCE
Filed by      LETICIA BARRIOS-HERNANDEZ Vs
              DANIEL AYALA-ACOSTA

A.H.C



BRANCH: **THIRD FAMILY COURT**

TRADE: **1812/4a/2006**

CASE NUMBER: **1515/2004**

THING: **AS INDICATED**

**OFFICE OF THE EXTERNAL RELATIONSHIP**
**GENERAL DIRECTION OF LEGAL MATTER**
**DIRECTION OF LEGAL ASSISTANCE INTERNATIONAL**

I am attaching to the within, **LETTER ROGATORY** number **228/4ª/2006**, in accordance with section 3 of convention de la haye issued within Case 1515/2004, regarding civil Ordinary **NECESSARY DIVORCE** filed by **LETICIA BARRIOS HERNANDEZ** against **DANIEL AYALA-ACOSTA**, to serve it as indicated, after which it should be returned to its place of origin.

I assure you of my courteous and distinguished consideration.

SINCERELY
EFFECTIVE SUFFRAGE. NO REELECTION.
Tijuana, Baja California., October 25, 2006
THE H. THIRD FAMILY JUDGE

*Rubric*

**JOSEFINA MAGAÑA-CASTILLO, ESQ.**



THIRD FAMILY COURT
TIJUANA, B.C.

CLEOTILDE BAYLISS TREVISO, ESQ., duly certified interpreter, recognized by the **U.S. CONSULATE** ...RAL in **TIJUANA** and the **STATE SUPERIOR COURT OF JUSTICE** in **BAJA CALIFORNIA**, ...IES that the above translation was prepared from the original legal size document which I had ... and that it was done to the best of my knowledge and ability in the English and Spanish

Tijuana, Baja California November 17, 2006

**LIC. CLEOTILDE BAYLISS TREVISO**
**PERITO TRADUCTOR**
Rio Nazas No. 2375-102 Col. Revolución
Tel – (664) 686-6085 Fax.(664) 686-6037
baylissc@hotmail.com, bayliss@terra.com



ROGATORY LETTER NUMBER 228/4A./2006



RD FAMILY COURT
TIJUANA, B.C.

THE UNDERSIGNED, **JOSEFINA MAGAÑA-CASTILLO, ESQUIRE,** THIRD FAMILY JUDGE, FOR THIS JUDICIAL DISTRICT OF TIJUANA, BAJA CALIFORNIA: TO YOU, MINISTRY OF FOREIGN AFFAIRS, **OFFICE OF THE GENERAL DIRECTOR FOR LEGAL AFFAIRS,** WHOM I HAVE THE HONOR OF ADDRESSING, HEREBY ADVISE THAT WITHIN CASE NUMBER **1515/2004,** REGARDING CIVIL ORDINARY CASE **OF NECESSARY DIVORCE,** FILED BY **LETICIA BARRIOS-HERNANDEZ** AGAINST **DANIEL AYALA-ACOSTA,** IT WAS ORDERED THAT THE WITHIN LETTER ROGATORY BE SENT TO YOU, WITH THE APPROPRIATE INSERTS, WHICH READS AS FOLLOWS: ---------

Tijuana, Baja California, October Nine, Two Thousand Six.- -------

- - - Insert in the record letter number ASJ26552 and attachments recorded with number 8776, submitted by the Chief of the Department of Requests and Letter Rogatories of the Office of the General Director for Legal Affairs of the Ministry of Foreign Affairs, through which she is admitted making the statements contained in same and exhibiting Letter Rogatory Number 125/4ta/2006 without having been served due to the reasons she indicates, which is ordered to be inserted in the within record for the pertinent purposes; Also, and due to what is stated, **it is ordered that a new LETTER ROGATORY** which contains the requirements specified by Article Three of the Hague Convention regarding Obtaining Evidence in a Foreign Country in Civil and Commercial Matters, **through the Office of the General Director for Legal Affairs of the Ministry of Foreign Affairs**, so that through it and in assistance of the duties of this Court, it is submitted to the Central Authority of the United States of America, pursuant to the dispositions of Article 2 of said Convention, to order the pertinent proceedings to require the bank designated as "UNION BANK OF CALIFORNIA" in the City of San Diego, California, United States of America, in order to provide information about the Account Number or Numbers, the balance or balances of the accounts, and the statements of the account or accounts in the name of Mister DANIEL AYALA-ACOSTA, as well as the transactions performed in the last three years in said accounts.- Also, and in preparation of the evidence offered by the respondent in

the main case, and in relation to the DOCUMENTARY EVIDENCE offered and marked with Numbers Twelve, Thirteen, and Fourteen of the pertinent pleading, issue courteous LETTER ROGATORIES in above stated terms, in order to request from the Banking Institutions designated as "UNION BANK OF CALIFORNIA", "BANK OF AMERICA" and "WELLS FARGO BANK", in the City of San Diego, California, United States of America, for the purpose of having those Institutions provide information to this Court regarding the account number in the name of **Mrs. LETICIA BARRIOS-HERNANDEZ or LETICIA BARRIOS-DE-AYALA**; the balances of the account or accounts which are in the name of Petitioner who is known abroad as **LETICIA BARRIOS-DE-AYALA**; the balances of the account or accounts which are in the name of Petitioner, or with whatever name she is known abroad; as well as the transactions which have been performed in the account or accounts which are in the name of Petitioner or whatever name she is known.- Since the case was inactive for more than three months, pursuant to the dispositions of Section 114, paragraph III, of the Civil Procedures Code in force."

- SERVE PERSONALLY.- It was so decreed and executed by **JOSEFINA MAGAÑA-CASTILLO, ESQUIRE, THIRD FAMILY JUDGE**, before her Clerk of the Court, **NUBIA ISMENE RIVERA-PATIÑO, ESQUIRE**, who authorizes and attests.

For the purpose of complying with Article Three of the Hague Convention regarding Obtaining Evidence in a Foreign Country in Civil and Commercial Matters, I would like to state the following.-

**1).- Requesting Authority and Requested Authority."**

a).- H. Third Family Judge for the Judicial District of Tijuana, B.C, Mexico.

b).- United States Department of Justice.

**2).- Identity and Address for the parties and, if that is the case, their agents.-**

a).- Plaintiff.- Leticia Barrios-Hernandez, with legal address located on Avenida Baja California corner of Calle Rosarito, Number 1-A, Fraccionamiento Lomas del Porvenir in this City.

b).- Respondent.- Daniel Ayala-Acosta, with legal address located at Suite 4-A, Second Floor, "Los Portales" Commercial Center, located at 10512 Boulevard Rodolfo Sanchez Taboada, Zona Rio in the same City.

**3).- Nature and purpose of the proceedings, as well as a summary statement of the facts.**

Ordinary Divorce Suit filed by Leticia BARRIOS-HERNANDEZ against Daniel Ayala-Acosta, on the grounds specified in Section 264, subsection VIII, of the

Civil Code for Baja California, due to abandonment of domicile which Petitioner Leticia Barrios-Hernandez claims she suffered, having been countersued by Respondent Daniel Ayala-Acosta, who requests dissolution of the marriage (Necessary Divorce) on the grounds specified in Section 264, subsection XVI, of the Civil Code of Baja California, due to the fact that according to Respondent, Mrs. Leticia Barrios-Hernandez, sold property owned by both without the authorization of Mr. Daniel Ayala-Acosta.

**4- Instruction Actions or other judicial actions to be performed."**

a).- To request from the bank designated as "UNION BANK OF CALIFORNIA" in the City of San Diego, California, United States of America, information about the Account Number or Numbers, the balance or balances of the accounts, and the statements of the account or accounts in the name of Mister DANIEL AYALA-ACOSTA, as well as the transactions performed in the last three years in said accounts.-.

b).- request from the Banking Institutions designated as "UNION BANK OF CALIFORNIA", "BANK OF AMERICA" and "WELLS FARGO BANK", in the City of San Diego, California, United States of America, for the purpose of having those Institutions provide information to this Court regarding the account number in the name of Mrs. LETICIA BARRIOS-HERNANDEZ or LETICIA BARRIOS-DE-AYALA; the balances of the account or accounts which are in the name of Petitioner who is known abroad as LETICIA BARRIOS-DE-AYALA; the balances of the account or accounts which are in the name of Petitioner, or with whatever name she is known abroad; as well as the transactions which have been performed in the account or accounts which are in the name of Petitioner or whatever name she is known.-

**5).- Names and addresses of the persons to be heard.-**

a).- Union Bank of California, in the City of San Diego, California, United States of America.

b).- Bank of America, in the City of San Diego, California, United States of America.

c).- Wells Fargo Bank, in the City of San Diego, California, United States of America.

**6).- Documents or other objects to be examined."**

The bank accounts which exist in the institutions indicated in above item, which are in the name of Leticia Barrios-Hernandez and Daniel Ayala-Acosta.

AND IN ORDER FOR MY MANDATE TO BE MORE EFFICIENTLY AND DULY EXECUTED, IN THE NAME OF THE JUDICIAL BRANCH OF THE STATE OF BAJA CALIFORNIA, AND ON MY BEHALF, I PRAY THAT ONCE YOU HAVE

THE WITHIN BEFORE YOU AND IF IT IS LEGALLY CORRECT, YOU ORDER THAT IT BE EXECUTED IN ALL ITS TERMS, ASSURING YOU OF RECIPROCITY IN SIMILAR CASES, FOR ALL THE PERTINENT LEGAL PURPOSES.

TIJUANA, BAJA CALIFORNIA, OCTOBER 25, TWO THOUSAND SIX.

THIRD FAMILY JUDGE

RUBRIC

JOSEFINA MAGAÑA-CASTILLO, ESQ

CLERK OF COURT

RUBRIC

NUBIA ISMENE RIVERA-PATIÑO. ESQ

[Seal: JUDICIAL DISTRICT OF STATE MEXICAN UNITED STATES / OF BAJA CALIFORNIA / THIRD FAMILY COURT TIJUANA, B.C.]

CLEOTILDE BAYLISS TREVISO, ESQ., duly certified interpreter, recognized by the U.S. CONSULATE GENERAL in TIJUANA and the STATE SUPERIOR COURT OF JUSTICE in BAJA CALIFORNIA, CERTIFIES that the above translation was prepared from the original legal size document which I had before me, and that it was done to the best of my knowledge and ability in the English and Spanish languages.

Tijuana, Baja California November 17, 2006

LIC. CLEOTILDE BAYLISS TREVISO
PERITO TRADUCTOR
Rio Nazas No. 2375/102 Col. Revolución
Tel – (664) 686-6085 Fax.(664) 686-6037
baylissc@hotmail.com, bayliss@terra.com



LA SUSCRITA DELEGADA, EN LA CIUDAD DE TIJUANA, DE LA UNIDAD ADMINISTRATIVA DEL CONSEJO DE LA JUDICATURA DEL ESTADO DE BAJA CALIFORNIA, EN BASE A LAS FACULTADES CONCEDIDAS EN EL ARTICULO 23 DEL REGLAMENTO DE PERITOS AUXILIARES DE LA ADMINISTRACIÓN DE JUSTICIA DEL ESTADO:------------------------
-------------------------C E R T I F I C A:-----------------------
QUE LA CIUDADANA LICENCIADA CLEOTILDE BAYLISS TREVISO, ES INTEGRANTE DE LA LISTA DE AUXILIARES DE LA ADMINISTRACIÓN DE JUSTICIA PREVISTA POR EL ARTICULO 232 DE LA LEY ORGÁNICA DEL PODER JUDICIAL VIGENTE EN LA ENTIDAD, FORMADA POR EL CONSEJO DE LA JUDICATURA DEL ESTADO DE BAJA CALIFORNIA, COMO PERITO INTERPRETE Y TRADUCTOR INGLES-ESPAÑOL, EN LA JURISDICCIÓN DE LA CIUDAD DE TIJUANA, BAJA CALIFORNIA, DURANTE EL AÑO DOS MIL SEIS.- DOY FE.-----------------------

TIJUANA, BAJA CALIFORNIA, A LOS VEINTIDÓS DÍAS DEL MES DE NOVIEMBRE DEL AÑO DOS MIL SEIS.-----------------------------

LA DELEGADA DE LA UNIDAD ADMINISTRATIVA DEL CONSEJO DE LA JUDICATURA DEL ESTADO

C.P. ROSARIO ELIZABETH VERDUGO VIDALES



México
B.C.

**Apostille**

(Convention de la Haye du 5 octobre 1961)

Derechos   $400.14
No. orden   02-T/618/06

En México el presente documento público ha sido firmado por   C.P. ROSARIO ELIZABETH VERDUGO VIDALES
quien actúa en calidad de   DELEGADA DE LA UNIDAD ADMINISTRATIVA DEL CONSEJO DE LA JUDICATURA DEL ESTADO
y está revestido del sello correspondiente a   UNIDAD ADMINISTRATIVA TIJUANA, B.C. PODER JUDICIAL DEL ESTADO
Certificado en   TIJUANA, B.C.   por LIC. JESUS OCTAVIO MONTAÑO MORENO, SUBSECRETARIO DE GOBIERNO TIJUANA-TECATE
TIJUANA, B.C.   el 22   de   NOVIEMBRE   de   2006

Firma

# JUZGADO TERCERO DE PRIMERA INSTANCIA DE LO FAMILIAR DEL PARTIDO JUDICIAL DE TIJUANA, BAJA CALIFORNIA.



TRIBUNAL SUPERIOR DE JUSTICIA
DEL ESTADO DE B.C.

## CARTA ROGATORIA NÚMERO
## 0228/4ª./2006.

EXPEDIENTE NO. **1515/2004.**
**DIVORCIO NECESARIO**
PROMOVIDO POR: **LETICIA BARRIOS HERNANDEZ VS. DANIEL AYALA ACOSTA.**



DEPENDENCIA: Juzgado 3º. Familiar

OFICIO: 1812/4ª./2006

No. DE EXPEDIENTE: 1515/2004

**SECRETARIA DE RELACIONES EXTERIORES,**
**DIRECCIÓN GENERAL DE ASUNTOS JURÍDICOS,**
**DIRECCION DE ASISTENCIA JURIDICA INTERNACIONAL**

**ASUNTO:** El que se indica

Adjunto al presente me permito remitirle carta rogatoria número **228/4ª./2006,** en términos de lo previsto por el artículo 3 de la Convención de la Haya sobre Obtención de Pruebas en el Extranjero en Materia Civil y Comercial, deducido del expediente número **1515/2004,** relativo al Juicio Ordinario Civil de **DIVORCIO NECESARIO,** promovido por **LETICIA BARRIOS HERNANDEZ** en contra de **DANIEL AYALA ACOSTA,** a efecto de que por su conducto se sirva diligenciarla en sus términos y hecho que sea lo anterior lo devuelva a su lugar de origen.

Reitero a Usted la seguridad de mi atenta y distinguida consideración.

**A T E N T A M E N T E**
SUFRAGIO EFECTIVO. NO REELECCION
Tijuana, Baja California, a 25 de Octubre del 2006
**JUEZ TERCERO DE LO FAMILIAR**

**JOSEFINA MAGAÑA CASTILLO.**

JUZGADO TERCERO
DE PRIMERA INSTANCIA
DE LO FAMILIAR
TIJUANA, B.C.

0 6 DIC '06 AM



CARTA ROGATORIA NÚMERO 228/4ª./2006.

LA CIUDADANA **LICENCIADA JOSEFINA MAGAÑA CASTILLO,** JUEZ TERCERO DE PRIMERA INSTANCIA DE LO FAMILIAR, DE ÉSTE PARTIDO JUDICIAL DE TIJUANA, BAJA CALIFORNIA, QUE SUSCRIBE: A USTED **C. SECRETARIA DE RELACIONES EXTERIORES, DIRECCIÓN GENERAL DE ASUNTOS JURÍDICOS,** A QUIEN TENGO EL HONOR DE DIRIGIRME HAGO SABER QUE EN EL EXPEDIENTE NÚMERO **1515/2004,** RELATIVO AL JUICIO ORDINARIO CIVIL **SOBRE DIVORCIO NECESARIO,** PROMOVIDO POR **LETICIA BARRIOS HERNÁNDEZ** EN CONTRA DE **DANIEL AYALA ACOSTA,** SE ORDENÓ GIRAR A USTED LA PRESENTE CARTA ROGATORIA, QUE CON LOS INSERTOS NECESARIOS DICE COMO SIGUE: - - - - - - - - - - - - - - - - - - - - - -

- - - Tijuana, Baja California a nueve de octubre del año dos mil seis.- - - - - - - -
- - - A sus autos un oficio de cuenta número ASJ26552 y anexos registrado con el número 8776, remitido por la Jefa del Departamento de Exhortos y Cartas Rogatorias de la Dirección General de Asuntos Jurídicos de la Secretaria de Relaciones Exteriores, mediante el cual se le tiene haciendo las manifestaciones a que se refiere en el de cuenta y exhibiendo carta rogatoria número 125/4ta/2006 sin diligenciar por los motivos a que hace referencia, misma que se ordena agregar a los presentes autos para que obre como corresponda; asimismo y en atención a lo manifestado se ordena **girar de nuevo atenta CARTA ROGATORIA** que contenga los requisitos previstos por el artículo tercero de la Convención de la Haya sobre Obtención de Pruebas en el Extranjero en Materia Civil y Comercial, **por medio de la Secretaria de Relaciones Exteriores, Dirección General de Asuntos Jurídicos,** para que por su conducto y en auxilio de las labores de este Juzgado, se sirva remitirla a la autoridad central de los Estados Unidos de América, atento a lo previsto por el artículo 2 de la citada Convención, para que ordene la diligenciación correspondiente y se requiera al Banco denominado "UNION BANK OF CALIFORNIA" de la ciudad de San Diego, California, Estados Unidos de América, a fin de que informe el número o números de cuenta, el saldo o saldos de las cuentas y el estado de la cuenta o cuentas todas a nombre del señor DANIEL AYALA ACOSTA, así como los movimientos realizados en los últimos tres años en dichas cuentas.- Asimismo y en preparación de las probanzas ofrecidas por el

pasivo procesal en el principal, y en relación a las DOCUMENTALES ofrecidas y marcadas con los números doce, trece y catorce del escrito correspondiente, gírese atentas CARTAS ROGATORIAS en los términos antes precisados, a fin de que requiera a las Instituciones Bancarias denominadas **"UNION BANK OF CALIFORNIA", "BANK OF AMERICA" y "WELLS FARGO BANK"**, de la ciudad de San Diego, California, Estados Unidos de América, para efecto de que dichas Instituciones informen a este Juzgado, el número de cuenta a nombre de la señora **LETICIA BARRIOS HERNANDEZ** o **LETICIA BARRIOS DE AYALA**; los estados de cuenta de la cuenta o cuentas que resulten a nombre de la actora quien se identifica en el extranjero como **LETICIA BARRIOS DE AYALA**; el saldo de la cuenta que resulte a nombre de la actora, o al nombre con que se ostenta en el extranjero; así como los movimientos que hubiere realizado en la o las cuentas que resulten a nombre de la actora o al nombre con que se ostenta. Por haberse dejado de actuar por más de tres meses, atento a lo previsto por el artículo 114 fracción III del Código Procesal Civil en vigor.- - - - - - - - - - -

- - - - **NOTIFIQUESE PERSONALMENTE**.- Así lo acordó y firma la **CIUDADANA JUEZ TERCERO DE PRIMERA INSTANCIA DE LO FAMILIAR LICENCIADA JOSEFINA MAGAÑA CASTILLO** ante su Secretaria de Acuerdos, **LICENCIADA NUBIA ISMENE RIVERA PATIÑO** que autoriza y da fe.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A efecto de dar cumplimiento a lo dispuesto por el artículo 3 de la Convención de La Haya sobre Obtención de Pruebas en el Extranjero en Materia Civil y Comercial, me permito manifestar lo siguiente.-

**1).- Autoridad Requirente y autoridad requerida.-**

a).- C. Juez Tercero de lo Familiar del Partido Judicial de Tijuana, Baja California, México.

b).- Departamento de Justicia de los Estado Unidos de América.

**2).- Identidad y Dirección de las partes y, en su caso, de sus representantes.-**

a).- Parte actora.- Leticia Barrios Hernández, con domicilio procesal ubicado en Avenida Baja California esquina Calle Rosarito, Número 1-A, del Fraccionamiento Lomas del Porvenir de esta Ciudad.

b).- Parte demandada.- Daniel Ayala Acosta, con domicilio procesal ubicado en el Despacho 4-A, altos del Centro Comercial "Los Portales", ubicado en el 10512 del Boulevard Rodolfo Sánchez Tabeada, en la Zona Río de esta misma Ciudad.

**3).- Naturaleza y objeto de la instancia, así como una exposición sumaria de los hechos.**

Juicio Ordinario Civil de Divorcio Necesario, promovido por Leticia Barrios Hernández en contra de Daniel Ayala Acosta, por la causal prevista en el artículo 264 fracción VIII del Código Civil de Baja California, en virtud del abandono del

domicilio conyugal que dice haber sufrido la parte actora Leticia Barrios Hernández, siendo reconvenida por el demandado Daniel Ayala Acosta, quien solicita la disolución del vinculo matrimonial (Divorcio Necesario) por la causal contenida en el artículo 264 fracción XVI del Código Civil de Baja California, en virtud de que a decir del demandado, la C. Leticia Barrios Hernández, vendió bienes propiedad de ambos sin consentimiento del C. Daniel Ayala Acosta.

### 4).- Actos de Instrucción u otros actos judiciales a realizar.-

a).- Requerir al Banco denominado "UNION BANK OF CALIFORNIA" de la ciudad de San Diego, California, Estados Unidos de América, a fin de que informe el número o números de cuenta, el saldo o saldos de las cuentas y el estado de la cuenta o cuentas todas a nombre del señor DANIEL AYALA ACOSTA, así como los movimientos realizados en los últimos tres años en dichas cuentas.

b).- Requerir a las Instituciones Bancarias denominadas "UNION BANK OF CALIFORNIA", "BANK OF AMERICA" y "WELLS FARGO BANK", de la ciudad de San Diego, California, Estados Unidos de América, para efecto de que dichas instituciones informen a este Juzgado, el número de cuenta a nombre de la señora LETICIA BARRIOS HERNANDEZ o LETICIA BARRIOS DE AYALA; los estados de cuenta de la cuenta o cuentas que resulten a nombre de la actora quien se identifica en el extranjero como LETICIA BARRIOS DE AYALA; el saldo de la cuenta que resulte a nombre de la actora, o al nombre con que se ostenta en el extranjero; así como los movimientos que hubiere realizado en la o las cuentas que resulten a nombre de la actora o al nombre con que se ostenta.-

### 5).- Nombres y direcciones de las personas a oir.-

a).- Union Bank of California, de la Ciudad de San Diego, California, Estados Unidos de América.

b).- Bank of América, de la Ciudad de San Diego, California, Estados Unidos de América.

c).- Wells Fargo Bank, de la Ciudad de San Diego, California, Estados Unidos de América.

### 6).- Documentos u otros objetos a examinar.-

Las cuentas bancarias existentes en las instituciones precisadas en el punto que antecede y que se encuentran a nombre de Leticia Barrios Hernández y Daniel Ayala Acosta.

- - - Y PARA LO QUE POR MI MANDATO TENGA SU MÁS EFICÁZ Y DEBIDO CUMPLIMIENTO, EN NOMBRE DEL PODER JUDICIAL DEL ESTADO DE BAJA CALIFORNIA, Y DE MI PARTE LE SUPLICO QUE AL SER EL PRESENTE EN SU PODER Y SI EL MISMO LO ENCUENTRA AJUSTADO A DERECHO, SE SIRVA ORDENAR A QUIEN CORRESPONDA SEA DILIGENCIADO EN SUS TERMINOS, SEGURO DE MI RECIPROCIDAD EN CASOS ANALOGOS, PARA TODOS LOS EFECTOS LEGALES A QUE HAYA LUGAR. - - - - - - - - - - - - - - - - - - - - - - -

TIJUANA, BAJA CALIFORNIA, A 25 DE OCTUBRE DEL AÑO DOS MIL SEIS.

**JUEZ TERCERO DE PRIMERA INSTANCIA DE LO FAMILIAR**

**LIC. JOSEFINA MAGAÑA CASTILLO**

**SECRETARIA DE ACUERDOS**

**LIC. NUBIA ISMENE RIVERA PATIÑO**